UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHERYL A.,

                     Plaintiff,

v.                                                                                   CASE # 20-cv-01649

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

FREDERICK LAW OFFICES, PLLC              SARAH FREDERICK, ESQ.
  Counsel for Plaintiff
4467 S. Buffalo St.
Orchard Park, NY 14127


U.S. SOCIAL SECURITY ADMIN.                MARIA PIA
OFFICE OF REG'L GEN. COUNSEL – REGION II   FRAGASSI SANTANGELO, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

I.  **RELEVANT BACKGROUND**

    A.  **Factual Background**

Plaintiff was born on January 22, 1960 and has at least a high school education. (Tr. 188, 192). Generally, plaintiff's alleged disability consists of neck surgery, cervical radiculopathy, lower lumbar back pain, emphysema, COPD, and high cholesterol. (Tr. 191). Her alleged onset date of disability is January 22, 2015 and date last insured is June 30, 2016. (Tr. 188).

    B.  **Procedural History**

On January 18, 2018, plaintiff applied for Disability Insurance benefits under Title II of the Social Security Act. (Tr. 159). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On December 5, 2019, plaintiff appeared before ALJ Roxanne Fuller. (Tr. 25-47). On December 24, 2019, ALJ Fuller issued an unfavorable decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-21). On September 9, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2016.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 22, 2015 through her date last insured of June 30, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease. (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: frequent reaching overhead and reaching in front with the left non-dominant arm; and frequent handling objects and fingering with the non-left dominant hand.

6. Through the date last insured, the claimant was capable of performing past relevant work as an informal waitress (DOT# 311.477-030) which is light semi-skilled work. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 22, 2015, the alleged onset date, through June 30, 2016, the date last insured (20 CFR 404.1520(f)).

(Tr. 12-21).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes three arguments in support of her assertion that the ALJ's determination is not supported by substantial evidence and is based on errors of law and fact. (Dkt. No. 12 [Plaintiff's Mem. Of Law]). First, plaintiff argues the ALJ's Step 4 determination was compromised by legal error. (*Id*. at 14). Second, plaintiff alleges the ALJ erred in failing to perform more than a cursory analysis at Step 3. (*Id*. at 17). Lastly, plaintiff asserts the ALJ failed to fully and fairly develop the record. (*Id*. at 20).

### B.   Defendant's Arguments

Defendant responded to each of plaintiff's arguments, although in a different order. (Dkt. No. 16 [Defendant's Mem. of Law]). Defendant retorted that the ALJ correctly found plaintiff's

impairments did not meet or equal a listing under Step 2, the ALJ properly reached an RFC for a range of light work, and the Step 4 finding was proper. (*Id.* at 10, 12, 24).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.**    **ANALYSIS**

At step four of the sequential evaluation, an ALJ considers whether a claimant is capable of performing his or her past relevant work based on the RFC determined by the ALJ. *See* 20 C.F.R. § 416.920 (a)(4)(iv). "Pursuant to both case law and Social Security Ruling 82–62, in order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with

5

the claimant's past work, and compare these demands to the claimant's residual capabilities." *Cline v. Colvin*, No. 13-CV-1060-JTC, 2015 WL 3937214, at *5 (W.D.N.Y. June 26, 2015) (quoting *Matejka v. Barnhart,* 386 F.Supp.2d 198, 204-05 (W.D.N.Y. 2005) and Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *3-4 (S.S.A. 1982)).

The regulations provide that if a claimant can return to her past relevant work, either as the claimant actually performed it or as generally performed in the national economy, then the claimant is not disabled. *See* 20 C.F.R. § 404.1560(b)(2). The ALJ is not typically required to find that the claimant can perform the past relevant work as actually performed if she finds that the claimant can perform the job as generally performed. *Delgado v. Berryhill*, No. 3:17-CV-54 (JCH), 2018 WL 1316198, at *17 (D. Conn. Mar. 14, 2018). However, the regulations and case law clarify that the analysis is different when the job performed by a plaintiff is a composite job. SSR 82-61 provides that a composite job has "significant elements of two or more occupations and, as such, ha[s] no counterpart in the DOT[1]." SSR 82-61, 1982 WL 31387, at *2. Recent cases decided in this District have uniformly found that a blend of duties from two different DOT jobs is indicative of past relevant work as a composite job. *Walterich v. Comm'r of Soc. Sec.*, No. 18-CV-1329, 2020 WL 2078795 (W.D.N.Y. Apr. 30, 2020) *citing Weiser v. Berryhill,* No. 1:16-CV-00763(MAT), 2018 WL 6011163, at *4 (W.D.N.Y. Nov. 16, 2018). When an ALJ encounters a composite job, she must evaluate it in accordance with the particular facts of each case. *Id.* If the ALJ finds that a plaintiff's past relevant work is a composite job, then it cannot suffice at step four as work 'as generally performed in the national economy.' *Noelle v. Comm'r of Soc. Sec.,* No. 5:15-CV-1301(GTS/WBC), 2017 WL 9509957, at *6 (N.D.N.Y. Feb. 13, 2017), *adopted*, No. 5:15-CV-

---

[1] The Dictionary of Occupational Titles (DOT) refers to a publication produced by the United States Department of Labor which defines over 13,000 different types of work. It was first published in 1938 and last updated in 1991.

1301 (GTS/WBC), 2017 WL 945094 (citing Program Operations Manual System ("POMS") DI 25005.020(B)). In POMS DI 25005.020,[2] the SSA clarified that when comparing the claimant's RFC to a composite job as the claimant performed it, the ALJ has to find the claimant capable of performing the composite job only if he or she can perform all parts of the job. *See* SSA, POMS, DI 25005.020 Past Relevant Work (PRW) as the Claimant Performed It (Apr. 13, 2017), available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020.

Plaintiff contends that the ALJ erroneously determined that she was capable of performing her past relevant work as an informal waitress, specifically that the ALJ and the VE overlooked the fact that her position as a waitress was a composite one because of the additional duties of a banquet server. (Dkt. No. 12 at 13). Plaintiff testified that she had to do the work of barbacks and busboys in addition to working as a server, including lifting cases of beer and plates, while waitressing at banquets. (Tr. 35-36). The ALJ's sole inquiry about plaintiff's past work concerned the heaviest weights she lifted in her bartender and server jobs. (Tr. 40).

The first issue is whether this question satisfied the ALJ's duty to make a specific and substantial inquiry into the relevant physical and mental demands associated with the plaintiff's past work. Contrary to defendant's position, the ALJ's question as to how much plaintiff lifted while working as a server did not satisfy the ALJ's duty in this regard. (Dkt. No. 16 at 25-26). Plaintiff testified the lifting she performed was *over* 20-pounds, which is the greatest amount of lifting a job can require and still be considered light work. (Tr. 40). Plaintiff's spontaneous testimony that she also bussed tables and served at banquets indicated that her job was more than a waitress, but the ALJ did not ask any other questions.

---

[2] The Second Circuit has held that "POMS guidelines are entitled to 'substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute.' " *Lopez v. Dep't Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (citations omitted).

Indeed, the DOT description for Waiter/Waitress (DOT# 311.477-030), which is at the light exertional level, did not include duties performed by a busboy/bus person or heavy lifting of plated dishes which plaintiff testified were approximately 25 pounds. However, the full description of dining room attendant (DOT# 311.677-018) does identify duties which plaintiff testified were part of her employment. This position has a medium exertional level, which exceeds the limitations assigned by the ALJ in the RFC determination. (Tr.18).

Plaintiff's testimony, at the very least, created a possibility that her past work was a composite job that combined the duties of informal waitress and dining room attendant. However, despite questioning plaintiff about the weights lifted, which were greater than the light requirements of the informal waitress position, both the VE and the ALJ ignored any possibility in their analysis that the past relevant work was a composite job. *See, e.g.*, *Long*, 2018 WL 618119, at *4 (remand was warranted when "the ALJ neither acknowledged nor discussed the possibility of a composite job" and misclassified Plaintiff's past medium work as light); *Delgado* 2018 WL 1316198, at *17 (D. Conn. Mar. 14, 2018) (matter remanded when neither the VE nor the ALJ considered whether plaintiff's job was a composite one when the record indicated at least the possibility of plaintiff's past relevant work being a composite job). The ALJ and VE's failure to elicit testimony about her past work leaves the record unclear about the precise duties performed. *Delgado,* 2018 WL 1316198, at *17 ("[N]o testimony was elicited concerning the frequency and duration of each type of duty [Plaintiff] performed, how central each duty was to his job, or the nature of the cleaning that he performed.").

Because the ALJ failed to appropriately consider the possibility that plaintiff's past relevant job was a composite one, and because of the lack of testimony on this issue, the Court does not have sufficient information in the record to conclude whether the ALJ properly considered

plaintiff's past relevant work in step four of the sequential analysis. *See, e.g.*, *Delgado,* 2018 WL 1316198, at *10 ("Assessing whether past relevant work is a composite job or not is a fact-specific inquiry that depends on the particulars of the case" and the Court cannot make this assessment because of the limited information as to plaintiff's duties). Also, as found in the similar recent case, *Walterich*, neither party possesses the vocational expertise needed. *Walterich*, 2020 WL 2078795 at *6. Therefore, the matter is remanded back to the Commissioner for further development of the record and reconsideration of step four analysis. Having found remand necessary, the Court need not and does not address plaintiff's remaining arguments.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: May 25, 2022  
Rochester, New York

*J. Gregory Wehrman*  J.A.W.
HON. J. Gregory Wehrman  
United States Magistrate Judge